# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

**DARLENE HUGHES,**

    *Plaintiff*,

v.                          **CASE NO. 1:15cv7-MW/GRJ**

**FAMILY LIFE CARE, INC.,**
**a Florida corporation,**

    *Defendant.*

_____/

### ORDER ON PLEADINGS

This is an action brought under the Fair Labor Standards Act (FLSA). In its initial answer, Defendant raised four things which were styled affirmative defenses:

> **FIRST AFFIRMATIVE DEFENSE**
>
> 18. Defendant is a nurses registry. At the times material hereto, Plaintiff was a certified nurses assistant and an independent contractor. Defendant cannot decide upon the course of a given patient's medical care. Defendant does not and cannot exert control over a certified nurses assistant as an employer might exert control over an employee.
>
> **SECOND AFFIRMATIVE DEFENSE**
>
> 19. A certified nurses assistant is a licensed individual. Plaintiff was always responsible for the satisfactory completion of the work or services she agreed to perform.
>
> **THIRD AFFIRMATIVE DEFENSE**
>
> 20. As an independent contractor, it was always Plaintiff who decided how much she wanted to work and thus the amount of her compensation.
>
> **FOURTH AFFIRMATIVE DEFENSE**
>
> 21. Upon information and belief, Defendant alleges Plaintiff may be the subject of an investigation through the State of Florida in relation to services Plaintiff claimed to have performed. If as a result Defendant is required to reimburse monies, Defendant requests a setoff.

1

ECF No. 5 ¶¶ 18–21. Whether these are actually affirmative defenses is perhaps debatable. But one suggested that Plaintiff was an independent contractor, presumably in contradistinction to an "employee" entitled to overtime under the FLSA. *Id.* ¶ 18. This Court granted Plaintiff's motion for partial summary judgment, concluding that she was an "employee" of Defendant. ECF No. 30.

Following that order, Plaintiff moved to amend her complaint to (1) eliminate collective allegations and go forward with only her individual claim; and (2) narrow her request to only 2 years of wages due instead of 3 years for a willful violation. ECF No. 34. This Court allowed Plaintiff to file an amended complaint and Defendant to file an amended answer. ECF No. 36.

Defendant's amended answer to Plaintiff's first amended complaint raised three things styled as affirmative defenses:

> **FIRST AFFIRMATIVE DEFENSE**
> 16. Plaintiff, and most or all of the services she performed, were exempt under and pursuant to the Fair Labor Standards Act, and applicable rules and regulations.
>
> **SECOND AFFIRMATIVE DEFENSE**
> 17. Plaintiff was an independent contractor as opposed to an employee.
>
> **THIRD AFFIRMATIVE DEFENSE**
> 18. Portions of Plaintiff's claim are or may be barred by the applicable statute of limitations, including the provisions of 29 U.S.C. sections 255 and 256.

ECF No. 39, at 2 ¶¶ 16–18. Plaintiff moved to strike the First and Second Affirmative Defenses. ECF No. 40. As to the First, Plaintiff

argued that this was a brand new defense, that it lacks specificity, and Defendant should not be allowed to add it after the close of discovery. As to the Second Affirmative Defense, Plaintiff said it was already addressed on partial summary judgment.

Defendant opposed the motion to strike, ECF No. 41, and submitted another proposed answer along with a motion to amend, ECF No. 42. This latest answer submitted attempts to raise the following:

**FIRST AFFIRMATIVE DEFENSE**

16. Plaintiff's claim is statutory in nature and Plaintiff's damage claim is limited to damages as provided for by 29 U.S.C. section 216.

**SECOND AFFIRMATIVE DEFENSE**

17. Plaintiff was an independent contractor as opposed to an employee.

**THIRD AFFIRMATIVE DEFENSE**

18. Portions of Plaintiff's claim are or may be barred by the applicable statute of limitations, including the provisions of 29 U.S.C. sections 255 and 256.

ECF No. 42-1, at 2. Plaintiff opposes that amendment. ECF No. 43. As to the First Affirmative Defense, Plaintiff says that it is not an affirmative defense. That is probably right. Litigants often mistitle defenses as affirmative defenses. In reality it is stating the truism that Plaintiff's claim under the FLSA is limited to what she is entitled to under the FLSA. But it makes little difference here unless Plaintiff is objecting to Defendant suggesting that it—not

3

Plaintiff—has some burden of proof on the issue.

As to the Second Affirmative Defense, Defendant has asserted throughout this litigation that it is not liable to Plaintiff under the FLSA because she is an independent contractor rather than employee. This Court granted summary judgment for Plaintiff on the issue. But that does not mean Defendant is precluded from having its responsive pleading raise the issue and preserve it, whether the defense is affirmative or not. And the title of it makes little difference at this point, as it will not be an issue at trial.

As to the Third Affirmative Defense, Plaintiff says that it makes no sense "because Plaintiff has limited her claimed damages to 2 years instead of 3 in her most recent complaint." Perhaps that is so. But Plaintiff is not prejudiced by Defendant tailoring its answer to Plaintiff's latest complaint.[1]

Accordingly,

**IT IS ORDERED**:

1. Plaintiff's motion to strike, ECF No. 40, is **DENIED** as moot.

---

[1] Whether the lawyers for either side should be able to collect attorney's fees for this episode—either from their respective clients or the other side—is questionable at best. This Court need not decide that issue today.

4

2. Defendant's motion to amend its answer, ECF No. 42, is **GRANTED**. The proposed answer, ECF No. 42-1, is accepted as Defendant's operative responsive pleading.

3. A separate order will reset pretrial deadlines and trial.

**SO ORDERED on February 21, 2016.**

<u>**s/Mark E. Walker**</u>
**United States District Judge**