UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DARLENE HUGHES,

                  Case No.  1:15-cv-00007-MW-GRJ

      Plaintiff,

v.

FAMILY LIFE CARE, INC.
a Florida Corporation,

      Defendant.

_____/

## MOTION FOR ATTORNEY'S FEES

Plaintiff, Darlene Hughes, moves for an award of attorney's fees, per the timeline discussed during the proceeding held on September 28, 2016 as follows:

### I.  Background

After finding that Plaintiff was not an independent contractor via partial summary judgment, this Court held a bench trial on September 28, 2016 determining Plaintiff's damages on her Fair Labor Standards Act ("FLSA") claim.  Judgments were entered on September 30, 2016 in the sum of $16,820.98 and on October 3, 2016 for $1,900 for costs.

### II.  Analysis

Attorneys' fees are due Plaintiff per both the mandatory language in

1

the FLSA and this Court's Order Granting Plaintiff's Motion to Compel, Doc. 26. In determining a reasonable hourly rate, the delay in receiving payment should be considered when establishing the applicable hourly rate. Finally, as reflected by the undersigned's time records, this case has been hard fought by the Defendant and payment of the wages due Plaintiff is continued to be delayed via appeal.

### A. Entitlement Under the FLSA

In suits to recover unpaid overtime wages, the FLSA mandates that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").

In the Eleventh Circuit, reasonableness is generally determined using the familiar lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a

reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (*per curiam*); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *See Norman v. Housing Auth. of the City Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In making such determinations, the Court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended. *Norman*, 836 F.2d at 1303; *Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994).

**B.    Entitlement Per the Order Granting Motion to Compel**

At Doc. 26, the Court granted Plaintiff's Motion to Compel with a determination as to attorney's fees to follow.  The Court held that "Under the circumstances of this case, an [attorney fee] award is 'mandatory.' This is because Defendant did not comply with Rule 34(b)(2)(B). The amount of fees will be determined at the conclusion of the case."  This fee award should also be borne by Defendant's counsel because the issue was a failure to comply with the Rules of Civil Procedure.  *See e.g. Branhaven LLC v. Beeftek, Inc.*, —F.R.D.—, 2013 WL 388429 (D. Md. Jan. 4, 2013) (imposing sanctions for discovery violations, including violations of Fed. R. Civ. P. 34(b) addressing

the appropriate format of production, jointly and severally against plaintiff and its counsel). In *Branhaven,* similar to the instant situation, the court noted as follows when making the award jointly against counsel:

> However, neither does this judge want to endorse this "hands off" approach in working with clients to meet discovery obligations and this casual and even reckless attitude of plaintiff's counsel to opposing party's right to timely and orderly discovery. . . . As plaintiff's counsel has an affirmative duty to assure that their client responds completely and promptly to discovery requests. . . If all counsel operated at this level of disinterest as to discovery obligations, chaos would ensue and the orderliness of the discovery process among counsel in federal courts, which is exquisitely dependent on honorable attorney self-regulation, would be lost.

*Id.* at *5.

In this instant case, as noted in the Court's Order at 26, Defendant's counsel responded to Plaintiff's with several hundred pages of documents and a one-paragraph explanation that they were produced "as kept in the ordinary course of Defendant's business." However, as noted in the Order, not all of Plaintiff's time sheets were even produced. Therefore, like the situation in *Branhaven,* the award for the time awardable per the Court's Order at Doc. 26 should be against Defendant and its counsel because counsel did not comply with Rule 34(b)(2)(B).

C.   **Reasonable Hourly Rate**

It is appropriate to apply a higher hourly rate to account for the delay in receiving payment. *See Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1045 (11th Cir. 2010); *Perdue v. Kenny A.,* 559 U.S. 542, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010). This litigation in this case has been unnecessarily prolonged and is promised by Defendant to be further protracted via a frivolous appeal. As per the Declaration of Bernie Mazaheri, attached hereto as **Exhibit A**, a reasonable hourly rate under these circumstances is $425 per hour. *See also CHI v. Machen,* Case No. 1:07cv135-MW/GRJ (N.D. Fla. Oct. 1, 2014) (*citing Gray ex rel. Alexander*, 613 F.3d at 1045 for the conclusion that a higher hourly rate is appropriate to "account for the delay in receiving payment" and awarding one attorney $425 per hour).[1]

Defendant may argue that its counsel was billing its client at $300 per hour as reflected in the attached **Exhibit D.** However, as per it counsel's website, Mr. Aguilar is not an employment or labor lawyer and makes no mention of such work on his own website.[2] Moreover, amounts paid by

---

[1] Mr. Mazharai was paid a fee of $1,500.00 for his work, which is also requested via this Motion for having to litigate the instant issue of attorneys' fees. *See* **Exhibit G**; *See also e.g. Sheet Metal Workers Int'l Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC*, 237 Fed. Appx. 543, 550 (11th Cir.2007) ("federal statutory fee-shifting provisions ordinarily authorize fees on fees").

[2] Mr. Aguliar "concentrates his practice in the areas of commercial, construction and real estate litigation, including creditors' rights,

5

Defendant were paid immediately to Mr. Aguilar – Plaintiff has had to wait years and will have to wait much longer for payment ... if ever. The risk of nonpayment and the fact that payment may occur well over a year from now simply means that a practitioner quoting the work today would have to charge a higher hourly rate to account for these risks.[3] *See Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 880 (11th Cir. 1990) ("Lodestar rates may be enhanced based on risk of non-recovery, excellent or exceptional results, or delay in receipt of payment.").

### D. Reasonable Hours

In proving reasonable hours, a movant "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so [the court] can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. A party opposing a fee application should also submit objections and proof that are "specific and reasonably precise"

---

  construction and related lien matters and bankruptcy."
  http://sieronlaw.com/attorney-profiles/bob-aguilar/.

[3] To the extent Defendant attempts to argue that hourly rates charged by attorneys representing the government or other entities are applicable, that is a comparison of apples to oranges because the volume of work performed for those clients makes up for an unusually low hourly rate and is not reflective of the actual applicable market.

concerning those hours that should be excluded. *Barnes*, 168 F.3d at 428. A fee opponent's failure to explain with specificity the particular hours he views as unnecessary or duplicative is generally fatal. *Gray v. Lockheed Aeronautical Systems Co.*, 125 F.3d 1387 (11th Cir. 1997).

In assessing attorneys' fees, a comparison to the amount received by the Plaintiff is inappropriate. As stated by the court in *Cain v. Almeco USA, Inc.*, 2014 U.S. Dist. LEXIS 70900 (N.D. Ga. May 23, 2014):

> [I]t is true that the lodestar amount is more than ten times that of her actual and statutory damages. But that is not remarkable in an individual FLSA case seeking overtime. Accordingly, I decline to reduce the lodestar amount for limited success on the merits of the claim. Therefore, the Plaintiff's Motion for Attorney's Fees [Doc. 72] is GRANTED in the amount of $173,300.50.

As such, the issue before the Court is the hours reasonably expended on this case.[4]

---

[4] Even the contingency agreement between Plaintiff and her counsel is irrelevant because the real issue is to assure that Plaintiff's counsel is adequately compensated. *See Silva v. Miller,* 307 Fed.Appx. 349, 351 (11th Cir 2009) ("That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."), c*iting United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide*

7

## 1. Hours for the FLSA Litigation

Time spent by Plaintiff's counsel in this case was multiplied by Defendant's dilatoriness, as partially reflected in the Court's Order on Plaintiff's Motion to Compel (Doc. 26). The case was marred with Defendant's refusal to timely supply documents, such as pay records and time cards, that are indisputably relevant. Because of delays in the production of documents by the Defendant, Plaintiff had to continuously modify and correct her calculations as to amounts due. Defendant even continued to deny in its answer it was covered under the FLSA (something easily determined by looking at its own gross income[5]) until Plaintiff forced the issue in about March, 2016. Even up until right before trial, the Plaintiff was still requesting pay records that had not been previously produced. For example, on September 13, 2016, Plaintiff's counsel was forced to again request compensation reports for November 24, 2014 and December 8, 2014 which had not been previously produced. Defendant's efforts to make the case as expensive and time consuming as possible were evident from its

---

*Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

[5] Employees who work for certain businesses or organizations (or "enterprises") are covered by the FLSA. These enterprises, which must have at least two employees, include those that have an annual dollar volume of sales or business done of at least $500,000. https://www.dol.gov/whd/regs/compliance/whdfs14.pdf

exhibit list which lists 32 exhibits the vast majority of which Defendant did not even attempt to use at trial. Defendant's defense of this matter was either so sloppy or intentionally misleading that it tried to cross examine Plaintiff on a document that it wrongfully combined to a different document. *See* **Exhibits E and F**. Dealing with things such as Defendant's false accusations that she was a fraud – something which actually turned out to be Defendant stapling the wrong documents (the attached **Exhibits E and F**) together – added time and complexity to this case.

In this case, Plaintiffs seek attorney's fees for only the undersigned. No assistant or law clerk time is requested. The requested fees are based on the contemporaneous time records attached hereto as **Exhibit B**.  A declaration from the undersigned is attached hereto as **Exhibit C**.  Those records total 231 hours.  Plaintiff's expert, as per the report attached hereto as **Exhibit A**, has carefully and critically reviewed the records and has opined that 231 hours are reasonable for a total of $98,175.00. Moreover, an additional 1.8 hours were expended preparing this Motion after the attorney time was provided to the expert for a total requested hours of $98,940 (231 hours plus 1.8 hours multiplied by $425 per hour).[6]

---

[6] Time spent in litigating the issue of entitlement to fees is properly included in computing the loadstar. *Jonas v. Stack*, 758 F.2d 567, 568-69

## 2.    Hours for the Motion to Compel

16.5 of the 232.8 hours (i.e. 231 hours plus 1.8 hours) mentioned *supra* were related to the Motion to Compel.  Specifically, these entries:  April 28, 2015 for 1.10 hours, April 29, 2015 for .5 hours, April 29, 2015 for .1 hours, 3 entries on April 30, 2015 for .1 each, May 9, 2015 for 2.8, May 11, 2015 for .7, 2 entries on May 11, 2015 for .1, May 13, 2015 for .6, May 14, 2015 for .2 hours, June 6, 2015 for .2 hours, July 9, 2015 for .2, July 9, 2015 for 3.7 hours and July 17, 2015 for .2 hours.  Additionally, the following time was spent on preparing the instant Motion:  October 18, 2016 for 1.9 hours, October 19, 2016 for 2 hours and October 21, 2016 for 1.8 hours. *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir.1990) ("It is well settled that time expended litigating attorney fees is fully compensable.").

## III.    Conclusion

Plaintiff requests an award against Defendant in the amount of $98,940 incurred through today's date, plus reimbursement from the Defendant for the costs of hiring expert Bernie Mazaheri in the sum of $1,500 for a grand total of $100,440. Plaintiff requests that $7,012.50 of that amount (16.5 hours x $425) be awarded against both Defendant and its

---

(11th Cir. 1985).

counsel jointly and severally and via a separate judgment so that it is not intertwined with Defendant's unrelated appeal of Plaintiff's FLSA judgment and thus immediately owed.

## Certificate of Good Faith Conference

Plaintiff conferred in good faith with counsel for Defendant on the relief requested in this motion and the parties could not reach a resolution except that they agree that the fee motion will be handled via the filing of affidavits for both parties without oral argument.

Dated:  October 24, 2016                      /s/Michael Massey
                                              Michael Massey
                                              FBN 153680

## CERTIFICATE OF SERVICE AND LENGTH

I HEREBY CERTIFY that a true and correct copy of the foregoing has filed and served on counsel for the Defendant via filing with the Court's ECF system which will send a copy to the same and via email.  This documents has 2440 words and is in 14 point font.

                                              /s/Michael Massey
                                              Massey & Duffy, PLLC
                                              855 E. Univ. Ave.
                                              Gainesville, FL 32601
                                              352-505-8900